UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE COUNTY DIVISION

IN ADMIRALTY

CASE NO.:

SHANNON MCCOWEN

    Plaintiff,

v.

VIRGIN CRUISES INTERMEDIATE LIMITED
INC. and V CRUISES US, LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHANNON MCCOWEN, sues Defendant, VIRGIN CRUISES INTERMEDIATE LIMITED INC. and V CRUISES US, LLC, and alleges:

1. This is an action for damages in excess of the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

2. This is a case within the Admiralty and Maritime jurisdiction of the Court, within the meaning of 28 U.S.C. § 1333(a).

3. Venue is proper in this District under 28 U.S.C. § 1391(a) because Defendant transacts business in this District.

4. Additionally, this case is being filed in this District as required by the venue selection clause in the Defendant's Guest Ticket Contract.

5. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a) Operated, conducted, engaged in or carried on a business venture in Miami-Dade County, Florida;

  b) Had an office or agency in Miami-Dade County, Florida;

  c) Engaged in substantial activity within Florida; and,

  d) Committed one or more of the acts stated in Florida Statute Sections 48.081, 48.181, or 48.193.

6. Plaintiff timely notified Defendant of her claims and satisfied all conditions precedent.

7. Defendant possessed, owned, operated and/or controlled the Valiant Lady (the boat).

8. At all times material herein Plaintiff, SHANNON MCCOWEN, was lawfully aboard the Valiant Lady as a paying passenger/invitee.

9. On February 22, 2023, Plaintiff was a guest on a Virgin Cruise Ship, the Valiant lady when the trampoline she was on, of which was available to the guests, broke causing her to fall hard to the ground and suffered significant injuries.

## COUNT I: NEGLIGENCE v. VIRGIN CRUISES INTERMEDIATE LIMITED INC.

10. Plaintiff incorporates paragraphs 1-9.

11. Defendant owed Plaintiff a duty to exercise reasonable care under the circumstances in operating the boat and to warn Plaintiff of any hidden dangers on the boat.

12. Defendant breached its duty to Plaintiff by:

  a) Failing to warn Plaintiff of the trampoline; and/or

  b) Failing to remove the trampoline; and/or

  c) Failing to stop Plaintiff from using the trampoline; and/or

  d) Failing to ensure its employees followed reasonably safe practices to protect the passengers on the boat; and/or

  e) Failing to maintain the boat and/or its facilities for use by the guests in reasonably safe condition under the circumstances.

13. Defendant knew about the dangerous conditions or they existed long enough so Defendant should have discovered them in exercising due care.

14. Defendant created the dangerous condition.

15. Defendant's conduct exposed Plaintiff to a foreseeable zone of risk.

16. As a direct and proximate result of the negligence of Defendant, Plaintiff was caused to suffer significant bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future.

## COUNT II: NEGLIGENCE v. V CRUISES US, LLC

17. Plaintiff incorporates paragraphs 1-16.

18. Defendant owed Plaintiff a duty to exercise reasonable care under the circumstances in operating the boat and to warn Plaintiff of any hidden dangers on the boat.

19. Defendant breached its duty to Plaintiff by:

   f) Failing to warn Plaintiff of the trampoline; and/or

   g) Failing to remove the trampoline; and/or

   h) Failing to stop Plaintiff from using the trampoline; and/or

   i) Failing to ensure its employees followed reasonably safe practices to protect the passengers on the boat; and/or

   j) Failing to maintain the boat and/or its facilities for use by the guests in reasonably safe condition under the circumstances.

20. Defendant knew about the dangerous conditions or they existed long enough so Defendant should have discovered them in exercising due care.

21. Defendant created the dangerous condition.

22. Defendant's conduct exposed Plaintiff to a foreseeable zone of risk.

23. As a direct and proximate result of the negligence of Defendant, Plaintiff was caused to suffer significant bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future

**WHEREFORE**, Plaintiff, SHANNON MCCOWEN, demands judgment against Defendant, VIRGIN CRUISES INTERMEDIATE LIMITED INC. and V CRUISES US, LLC, for her total amount of damages and any other relief this Court deems appropriate. Plaintiff, SHANNON MCCOWEN, demands a trial by jury.

March 21, 2023.

                        GLOTZER & KOBREN, P.A.
                        2700 N. Military Trail, Suite 100
                        Boca Raton, Florida 33431
                        Telephone: (561) 361-8677
                        Fax: (561) 361-4344

                        By: */s/ Matthew Kobren*
                              MATTHEW D. KOBREN, ESQ.
                              Florida Bar No.: 548553
                              NICOLE E. MILLER, ESQ.
                              Florida Bar No.: 96058
                              matt@glotzerlaw.com
                              nicole@glotzerlaw.com
                              lucia@glotzerlaw.com